UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO CORTEZ BUCKLEY,<br><br>    Plaintiff,<br><br>    v.<br><br>R. A. KESSLER, et al.,<br><br>    Defendants. | Case No. 13-cv-01238-JST (PR)<br><br>**ORDER VACATING ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND DIRECTING PLAINTIFF TO FILE COMPLETED NON-PRISONER IN FORMA PAUPERIS APPLICATION; DIRECTIONS TO CLERK**<br><br>Re: Dkt. No. 6 |

    Plaintiff filed the present pro se civil rights action and application seeking leave to proceed in forma pauperis (IFP) when he was incarcerated at Salinas Valley State Prison. On July 8, 2013, the Court dismissed the complaint with leave to amend and granted Plaintiff leave to proceed IFP. Docket No. 6.

    In so doing, the Court failed to take into account the fact that Plaintiff no longer is incarcerated. Ordinarily, a plaintiff is permitted to file a civil action in federal court without prepayment of fees or security if he alleges in an affidavit that he is unable to pay such fees or give security therefor. See 28 U.S.C. § 1915(a). But, if the plaintiff is a prisoner who alleges that he is unable to pay the full filing fee at the time of filing, he will be required to pay the full amount of the filing fee even if he is granted IFP status. See 28 U.S.C. § 1915(b)(1). This is done by way of an "installment plan," whereby the court will assess an initial payment, and the prisoner will be required thereafter to make monthly payments of twenty percent of the preceding month's income credited to his prison trust account. See id.

If a prisoner is released, however, the court will be unable to collect the funds from his prisoner trust account as required under 28 U.S.C. § 1915(b). Consequently, because Plaintiff has been released from custody, he now must apply to proceed IFP under the general provisions of 28 U.S.C. § 1915(a)(1).

Accordingly, the Court orders as follows: The order granting Plaintiff leave to proceed IFP is hereby VACATED. No later than <u>fourteen</u> days from the date of this Order, Plaintiff either shall (1) pay the $350.00 filing fee in this action, or (2) file a completed non-prisoner IFP application. <u>If Plaintiff fails to comply with this Order, the case will be dismissed without prejudice.</u>

The Clerk of the Court shall provide Plaintiff with a non-prisoner IFP application.

It is Plaintiff's responsibility to prosecute this case. He must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

Dated: July 10, 2013

_____
JON S. TIGAR
United States District Judge