UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTONIO CORTEZ BUCKLEY,

    Plaintiff,

    v.

R. A. KESSLER, et al.,

    Defendants.

Case No.  13-cv-01238-JST (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

On March 20, 2013, plaintiff, a California prisoner then incarcerated at Salinas Valley State Prison[1] and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983.  Plaintiff has been granted leave to proceed in forma pauperis in a separate order.

## DISCUSSION

A.    <u>Standard of Review</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Pro se pleadings must, however, be liberally construed.  <u>See</u> <u>Balistreri v. Pacifica Police Dep't.</u>, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the

---

[1] Plaintiff has been paroled and currently resides in Redwood City, California.

statement need only " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level."  <u>Bell Atlantic Corp. v. Twombly,</u> 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face."  <u>Id.</u> at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

B.      <u>Legal Claims</u>

Plaintiff alleges that, in 2012, he was improperly found guilty of a Rules Violation Report for "Refusing to Perform Work as Ordered."  As a result of the guilty finding, plaintiff states he was assessed a thirty day loss of time credits.  Plaintiff seeks monetary damages and declaratory relief.

This claim appears to be barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).  In <u>Heck</u> the United States Supreme Court held that in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  <u>Id.</u> at 486-87.  A claim for damages arising from a conviction or sentence that has not been so invalidated is not cognizable under section 1983.  <u>Id.</u>  <u>Heck</u> has been extended to prison disciplinary hearings where time credits were affected.  <u>Edwards v. Balisok</u>, 520 U.S. 641, 648 (1997).

///

1        When a state prisoner seeks damages in a section 1983 suit, the district court must consider

2   whether a judgment in favor of the plaintiff would necessarily imply the invalidity of the

3   continued confinement; if it would, the complaint must be dismissed unless the plaintiff can

4   demonstrate that the conviction or sentence has already been invalidated. Id. at 487.

5        Although plaintiff has been released on parole, it does not appear the 2012 disciplinary

6   finding of which he complains has been invalidated. Consequently, this claim must be dismissed,

7   though plaintiff will be provided an opportunity to demonstrate the reversal of the disciplinary

8   finding. See Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995) (claims barred by

9   Heck may be dismissed sua sponte without prejudice).

## CONCLUSION

11        1.    The complaint is DISMISSED with leave to amend in accordance with the

12   standards set forth above. If plaintiff can cure the pleading deficiencies described above, he shall

13   file an amended complaint within **thirty days** from the date this order is filed. The amended

14   complaint must include the caption and civil case number used in this order (C 13-1238 JST (PR))

15   and the words AMENDED COMPLAINT on the first page. **Failure to file a proper amended**

16   **complaint in the time provided will result in the dismissal of this action without further**

17   **notice to plaintiff.**

18        2.    Plaintiff is further advised that an amended complaint supersedes the original

19   complaint. Plaintiff may not incorporate material from the prior complaint by reference.

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1     3. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

Dated: September 5, 2013

                                                    JON S. TIGAR
                                            United States District Judge